E-FILED
Monday, 26 September, 2005 01:00:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

FILED
SEP 26 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Leslie Allen Smith 07536-033    )
    Petitioner    )
        Vs.    )    Cause No. 05:1225
V. A. Veach, Warden, et al    )
    Respondent(s)    )

**Motion for:  Amended Relief**
              <u>**Claims Upon Which Relief May be Granted**</u>

Comes now, the Petitioner, Leslie Allen Smith, pro se, and ask this Court to add this Amended Relief. The Petitioner never had one in original petition, only "Prayer for Relief", and Respondents to date have not filed any answer. Therefore, Petitioner respectfully asks the Court to Amend and Grant that these Claims be added.

1. At his first hearing, Petitioner was denied witnesses by the Chairman. During a Continuance requested by the Chairman, Mr. Olds, Staff Representative, was instructed to get the missing witnesses' statements. At the following hearing, the Staff Representative admitted he trashed the statements. At Petitioner's second D.H.O. hearing, record had been established that Petitioner had requested statements or witnesses and was assured by U.D.C. (Unit Team Disciplinary) that those witnesses would tender statements. The record is devoid of any such effort or statements.

    All of this violates the Petitioner's rights under the Fourth (4th), Fifth (5th) Sixth (6th) and Fourteenth (14th) Amendment Rights to the Constitution of the United States, as well as "Procedural" Rights under existing B.O.P. Policy statement and directives.

2. Petitioner has a right to know and understand the charges against him, one of which is to know the evidence against him in order to put forth a meaningful defense. The DHO Chairman stated in his FOI Exempt material in both hearings about evidence from Petitioner's cell. Petitioner's repeated attempts at asking "what evidence" was met with stony silence. No record of any "physical evidence" exists. Region and Central offices rely on the DHO Chairman's report but no such evidence exists and no confiscation notices or forms. Petitioner has the right to know if it's exculpatory in numerous cases ruled on by the Seventh (7th) Circuit.

Petitioner has a Constitutional right under the Fifth (5th), Sixth (6th), and Fourteenth (14th) Amendment rights to know of exculpatory evidence and to deny him this violates the Constitution of the United States.]

3. The Respondents used tainted hearsay information supplied by two (2) would-be informants, ID# 322 and 323. The Petitioner states that Region unfortunately revealed their identity by F.O.I. exempt material delivered to the Petitioner while he was in the hole. But Petitioner had already known who they were by Lt. Santesteban telling the Petitioner he was accused of different alleged plots, and Petitioner being segregated with the two (2) other defendants.

There were three (3) verified D.H.O. Hearings, one on each defendant: John Lanter, Gomez and Petitioner and were conducted in that order. Lanter was found guilty based on a picture of a helicopter and alleged cross corroboration by the two (2) informants. He was sentenced to thirty (30) days segregated time and thirty (30) days loss of good time. Gomez was found innocent and reason Gomez states in his affidavit is that "Informants" not reliable. Petitioner attempted to get Gomez's Staff Representative, Ms. Johnson, to sign a statement to that effect. She stated verbally that she could not do that because of policy. Gomez's statement and record is attached in Appeal Addendum. Petitioner then went and D.H.O. once again used the two (2) informants alleged cross corroboration to find Petitioner guilty. They listed "evidence" when none was presented.

Petitioner argued that the B.O.P. policy forbids use of informants making "deals" without evidence to support, and the use of one (1) informant devoid of any physical evidence violates this policy. A deal was made as indicated by documents the Officials possess and transfers were made. An FBI Agent was involved. The Respondents possess all documents but they possess no physical evidence.

Petitioner has a right to face his accusers. In light of their alleged "confidentiality", the DHO Chairman should have at bare minimum talked to them himself and should not have just relied upon conclusions by investigator with no supporting facts. Once Petitioner made a showing that informants were making deals, he had an affirmative duty by policy of the BOP and due process to have questioned them and their motives. The fact is they were within 35 feet of the same room the hearings were held in and both had been cell partners during the alleged investigation.

Since Petitioner's hearings were stacked against him by the failure to allow him to cross-examine the informants, and the DHO Chairman failure to interview them, Petitioner's rights under the fifth (5th), sixth (6th), and fourteenth (14th) Amendments to the Constitution of the United States was violated. Same also violated petitioner's rights under BOP policy.

4.  Petitioner's rights were violated by the use of perjured testimony by both would-be informants. The Officials conducting the investigation and the Chairman of the DHO allowed that perjured testimony to convict the Petitioner when they knew both informants were attempting to made deals in exchange for time cuts, or transfers. Respondents may ask why? Petitioner answers: because one "Jose" had enemies on the compound from other prisons that he had allegedly informed on, or set up. Jack owed considerable sums of money to various inmates he borrowed from or gambled with. The two informants were cell partners not only in the Illinois unit where they lived, but also when they were locked up for their own protection in December 2003.

    The Officials "investigators" knew hey tendered a "deal" in exchange for information. They met with them at the hospital to make the "deal" and they gathered not one story but a mixture of stories –all told by the same informants, Jack and Jose. By BOP Policy, the officials have an affirmative duty to investigate the informants and their motives as set out in Wolfe v. McDonald and countless cases where a prisoner is faced with serious charges and loss of good time.

    Instead, they chose the easiest task, accepted what they said and hoped no one questioned the truthfulness. Failure to prove the informants' information without one iota of physical evidence denies the Petitioner his rights to a fair and impartial hearing, denies due process and denies Petitioner Procedural due process, BOP policy, and Illinois law, under the Fifth (5th), Sixth (6th), Eighth (8th) and Fourteenth (14th) Amendments of the United States Constitution.

5.  Petitioner lost forty-one (41) days good time and segregated for nine (9) months, three (3) months under the guise of "investigation", while still punitive and restrictive, also denied proper medical care, psychiatric help, access to normal routine, programming, work and earnings, subjected to isolation, forced orange prison jumpsuit on visitations, and visitations were cut shorter than normal. All of these were in violation of the Petitioner's Fifth (5th), Sixth (6th) Eighth (8th) and Fourteenth (14th) Amendment rights under the United States Constitution.

6.  Lastly, that Punishment continues. The Petitioner is prepared to prove that he is still being punished, that he is on the "green card", which means every two (2) hours he has to report to some staff member. It doesn't matter whether he is on a visit, job, writing a letter, doing legal work, or on the toilet. He has to stop and hunt down a Staff member to call him into the investigator's office or else he will be placed back in the hole – immediately.

Petitioner is restricted from job assignments, where he could earn money "UNICOR", restricted on points level of custody and that punishment continues and has no other label. This is all in violation of Petitioner's Fifth (5th), Eighth (8th) and Fourteenth (14th) Amendment Rights under the Constitution of the United States.

### CONCLUSION

I, Petitioner, Leslie Allen Smith 07536-033, do hereby tender these specific grounds for relief by which the Court may find in my behalf committed by the Respondent or his agents. I am praying for relief and expungement, restoration of my forty-one (41) days credit that was taken from me that prolongs my sentence.

And this Court can restore that by ordering my case expunged, and restoration.

Respectfully,

*Leslie A Smith*

Leslie Allen Smith, 07536-033
Federal Correctional Institution
P. O. Box 5000
Pekin, Illinois 61555-5000

LAS:mfv

# CERTIFICATE OF SERVICE

I, Leslie Allen Smith 07536-033, pro se, Petitioner, do hereby state that a true and correct copy was sent to the below listed parties as addressed on this the 22nd day of September 2005, and four (4) complete sets were submitted to the Clerk of this Honorable Court, postage prepaid, U.S. Mail, first class.

                              Respectfully,

                              *Leslie A. Smith*

                              Leslie Allen Smith 07536-033
                              Federal Correctional Institution
                              P. O. Box 5000
                              Pekin, Illinois 61555-5000

Copies mailed to:

| | |
|---|---|
| Original and three (3) sets to: | Clerk of the Court<br>Federal Court Room 254<br>100 N. East Monroe<br>Peoria, Illinois 61602 |
| One (1) set to: | Darilynn J. Knauss<br>Assistant U.S. Attorney<br>211 Fulton Street, Suite 400<br>Peoria, Illinois 61602 |
| One (1) set to: | Warden V. A. Veach<br>F.C. I. Pekin<br>P. O. Box 5000<br>Pekin, Illinois 61555-5000 |