UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| LESLIE ALLEN SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-1225 |
| | ) |
| RICK VEACH, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

## MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

Now come the respondents, by and through their attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Darilynn J. Knauss, Assistant United States Attorney, and for their motion to dismiss petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, state as follows:

## FACTS

The petitioner was convicted in the Western District of Kentucky for possession of firearms by a convicted felon with three previous convictions for violent felony offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (App.3)  On September 16, 2002, he was sentenced to 210 months of imprisonment. (App.2,4)  At the time of filing the petitioner had an anticipated good conduct release date of December 29, 2016. (App.12)

On January 6, 2004, while incarcerated at the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin"), the petitioner received an incident report for escape, in violation of Bureau of Prisons' Code 102A. (Pet.Ex.1) Due to the seriousness of the charge the Unit Disciplinary Committee referred the charge to the Discipline Hearing Officer ("DHO"), and recommended the maximum loss of good conduct time, maximum time in disciplinary segregation, and a closely supervised transfer. (Pet.Ex.1) Because of a procedural error, the petitioner was granted a re-hearing before the DHO, and a new incident report was issued to the petitioner on September 29, 2004. (Pet.Ex.13;App.8,9)

On October 20, 2004, a re-hearing was held before the DHO, and the petitioner was found guilty of attempted escape, in violation of BOP Code 102A. (App.9)   The petitioner was sanctioned with 60 days in disciplinary segregation ("DS") and loss of 40 days good conduct time ("DGCT"). (App.11)  The petitioner exhausted his administrative remedies.

On August 5, 2005, the petitioner filed the instant petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (R.1) He alleges that (1) there were errors made at his DHO hearings; (2) exculpatory evidence was withheld from him; (3) the DHO knew that one of the confidential informants had previously lied, yet the DHO still found him reliable; and

(4) there was insufficient evidence for the DHO to find him guilty. (Pet.5-9)  He is asking this Court to reverse the DHO's finding of guilt, expunge the incident report from his record, and restore his good conduct time. (Pet.14)

After the BOP received the petitioner's petition for writ of habeas corpus, BOP staff reviewed the incident report and record of the DHO hearing and determined that the petitioner's incident report should indeed be expunged and his good conduct time restored.  This was accomplished, and as of October 6, 2005, the petitioner's Chronological Disciplinary Record no longer showed the January 6, 2004, incident report, and his 40 days of good conduct time had been restored. (Compare App.15 with App.20 and App.16 with App.21)  As a result, the petitioner now has an anticipated good conduct release date of November 24, 2016. (App.17-20)

## DISCUSSION

The petitioner alleges that there were errors made at his DHO hearings, exculpatory evidence was withheld, the confidential informant relied upon by the DHO had previously lied, and there was insufficient evidence for the DHO to find him guilty.

### A.  The Petitioner's Allegations Should Be Dismissed As Moot

A moot case is one in which a controversy once existing between the

parties has ceased to exist due to some change in circumstances after the case arose. Mootness has two aspects. First, either the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980), *citing Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Bd. of Ed. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996). Second, a matter is moot when it can be said with assurance that events have eradicated the effects of the alleged violation and there is no reasonable expectation that the alleged violation will recur. *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979).

These conditions are satisfied in the instant case. The petitioner requested that his December 8, 2003, incident report be expunged and his 27 days of good conduct time be restored. Both of these requests have been completed in that all records related to the incident report have been removed from the petitioner's disciplinary record and his good conduct time has been restored. (App.17,18) As a result, a "live case or controversy" no longer exists and dismissal is warranted. *See, e.g., Tobin For Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 528-29 (7th Cir. 2001).

## CONCLUSION

Based on the above, this Court should dismiss the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

Respectfully submitted,

UNITED STATES OF AMERICA

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/ Darilynn J. Knauss
Darilynn J. Knauss
Assistant United States Attorney
211 Fulton Street, Suite 400
Peoria, IL 61602
Telephone: 309/671-7050

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2005, I electronically filed the foregoing Motion to Dismiss Petition for Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. § 2241 and Appendix with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy of the Motion and Appendix has been made on the petitioner by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

>    Leslie Allen Smith
>    Reg. No. 07536-033
>    FCI Pekin
>    P.O. Box 5000
>    Pekin, IL 61555-5000

>                            s/ Stephanie Pennington
>                            Paralegal Specialist