**E-FILED**
Friday, 07 October, 2005  11:17:17 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### AT PEORIA

| | | |
|---|---|---|
| LESLIE ALLEN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 05-1225 |
| | ) | |
| RICK VEACH, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## APPENDIX OF RESPONDENT

JAN PAUL MILLER
UNITED STATES ATTORNEY

Darilynn J. Knauss
Assistant United States Attorney

Office of the United States Attorney
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Telephone:  309/671-7050

## APPENDIX

| Description | Page |
|---|---|
| Certificate of Record of Tracy Knutson, 1 page, 10-6-05 | 1 |
| Judgment in a Criminal Case, W.D. Ky. Case No. 01CR-56, 6 pages, 9-16-02 | 2 |
| Incident Report, 1 page, 9-29-04 | 8 |
| DHO Re-Hearing Report, 3 pages, 10-20-04 | 9 |
| Public Information Inmate Data, 3 pages, 10-5-05 | 2 |
| Inmate Discipline Data, 1 page, 10-5-05 | 15 |
| Sentence Monitoring Good Time Data, 1 page, 10-5-05 | 16 |
| Public Information Inmate Data, 3 pages, 10-6-05 | 17 |
| Inmate Discipline Data, Chronological Disciplinary Record, 1 page, 10-6-05 | 20 |
| Sentence Monitoring Good Time Data, 1 page, 10-6-05 | 21 |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE ALLEN SMITH | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-1225 |
| | ) |
| RICK VEACH | ) |
| Respondent. | ) |

## DECLARATION OF TRACY KNUTSON

I, Tracy Knutson, do hereby certify, declare, and state as follows:

1.   I am currently employed as an Attorney Advisor for the Federal Bureau of Prisons. I have held this position since October 1998 and have been employed by this agency since August 1998. In the course of my duties, I have access to the records of inmates held in the regular course of business by the Bureau of Prisons. These records include both electronic and paper files.

2.   Attached are true and correct copies of the following documents maintained in the regular course of business of the Bureau of Prisons:
   • Judgment in *United States v. Leslie Allen Smith*, (Case Number 1:01CR-56-R, Western District of Kentucky)
   • Incident Report #1178327
   • Petitioner's DHO Rehearing Report dated November 12, 2004
   • Petitioner's Public Information Inmate Data dated 10/5/05
   • Petitioner's Chronological Disciplinary Record dated 10/5/05
   • Petitioner's Good Time Data dated 10/5/05
   • Petitioner's Public Information Inmate Data dated 10/6/05
   • Petitioner's Chronological Disciplinary Record dated 10/6/05
   • Petitioner's Good Time Data dated 10/6/05

I declare, under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

Executed this 6 day of October 2005.

Tracy Knutson
Attorney Advisor
Federal Bureau of Prisons
Consolidated Legal Center
St. Louis, MO 63103

**001**

USDC KYWD (v 10.2) 245B (Rev. 3/01) Sheet 1 - Judgment    iminal Case

# United States District Court

## Western District of Kentucky
### BOWLING GREEN DIVISION

UNITED STATES OF AMERICA
V.
LESLIE   ALLEN SMITH

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**Case Number:   1:01CR-56-R**
Counsel For Defendant: Robert E. Harrison, Esq., retained
Counsel For The United States: Larry E. Fentress, Asst. U.S. Atty.
Court Reporter: Jerome F. Roppel, Jr.

**THE DEFENDANT:**

☐ pursuant to plea agreement

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☒ **Was found guilty on count 1 of the Indictment on May 1, 2002
after a plea of not guilty**

**ACCORDINGLY,** the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|

### FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

The defendant is sentenced as provided in pages 2 through  6  Of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

**IT IS FURTHER ORDERED** that the presentence report be returned to the United States Probation Office, and shall be available to counsel on appeal. **IT IS FURTHER ORDERED** that the sentencing recommendation be returned to the United States Probation Office, and shall not be available to counsel on appeal.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 09-15-50
Defendant's USM Number: 07536-033

Defendant's Residence Address:
1615 Lafayette Street
Michigan City, Indiana 46360

Defendant's Mailing Address:
1615 Lafayette Street
Michigan City, Indiana 46360

September 16, 2002
Date of Imposition of Judgment

Signature of Judicial Officer

Thomas B. Russell
United States District Judge

Date:

CERTIFIED
U.S. District Court
Bowling Green KY
Date: 9/30/02
By:
Deputy Clerk

ENTERED
9/30/02
JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK

51.

USDC KYWD (v 10.2) 245B (Rev. 3/01) Sheet 1A - Addhl    ums of Conviction

## DEFENDANT: SMITH, LESLIE ALLEN
## CASE NUMBER: 1:01CR-56-R

# COUNTS OF CONVICTION

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | |
|---|---|---|---|
| 18   $922(g)(1)$ and $924(e)(1)$ | Possession of a Firearm by a Convicted Felon Who Has Been Convicted of Three Previous Violent Felony Offenses | 08-28-01 | 1 |

USDC KYWD (v 10.2) 245B (Rev. 3/01) Sheet 2 - Imprisc

Judgment-Page 3 of 6

**DEFENDANT: SMITH, LESLIE ALLEN**
**CASE NUMBER: 1:01CR-56-R**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 210 months as to Count 1 in the Indictment.

☒ **The Court makes the following recommendations to the Bureau of Prisons:**
That an institution be designated so defendant may be as close to his family as possible.

☒ **The defendant is remanded to the custody of the United States Marshal.**

*JO cmc 11/26/02*

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at     A.m. / p.m. on

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:.

    ☐ Before 2:00 p.m. on

    ☐ as notified by the United States Marshal.

    ☐ As notified by the Probation or Pretrial Services Office.

    ☐ The defendant shall continue under the terms and conditions of his/her present bond pending surrender to the institution.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _11/22/02_ To _FCI_ _ReKin_

at _Morris_ , with a certified copy of this judgment.

_Mike A. Ciolli, Warden_
UNITED STATES MARSHAL

By _Angela D. ___ JG_
Deputy U.S. Marshal

USDC KYWD (v 10.2) 245B (Rev. 3/01) Sheet 3 - Superv.        case

Judgment-Page 4 of 6

## DEFENDANT: SMITH, LESLIE ALLEN
## CASE NUMBER: 1:01CR-56-R

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years as to Count 1 in the Indictment.

The defendant shall report to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[X] **The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.**

[X] **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

[ ] The defendant shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of Each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other Acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a Felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any Contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the Permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal Record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

USDC KYWD (v 10.2) 245B (Rev. 3/01) Sheet 5 - Criminal    ary Penalties

DEFENDANT: SMITH, LESLIE ALLEN
CASE NUMBER: 1:01CR-56-R

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 0 | S 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage Of Payment |
|---|---|---|---|
| | | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . .    $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be subject to Penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ **A fine and the costs of incarceration and supervision are waived due to the defendant's inability to pay.**

The interest requirement for the   Fine and/or   Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC KYWD (v10.2) 245B (Rev. 3/01) Sheet 6 - Schedul    /menus

DEFENDANT: **SMITH, LESLIE ALLEN**
CASE NUMBER: **1:01CR-56-R**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  **Lump sum payment of $ 100.00 Special Penalty Assessment due immediately**

☐  balance due

☐  not later than _____ , or

☐  in accordance with C, D, or E below); or

B  ☐  Payment to begin immediately (may be combined with C, D, or E below); or

C  ☐  Payment in _____ *(E.g. equal, weekly, monthly, quarterly)* installments of $ _____
        Over a period of _____ *(E.g. months or years)* year(s) to commence _____ *(E.g., 30 or 60 days)* after the date of
        This judgment, or

D  ☐  Payment in _____ *(E.g. equal, weekly, monthly, quarterly)* installments of $ _____
        Over a period of _____ *(E.g. months or years)* year(s) to commence _____ *(E.g., 30 or 60 days)* after
        Release from imprisonment to a term of supervision; or

E  ☐  Special instructions regarding the payment of criminal monetary penalties:

**Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

BP-S388 58C INCIDENT REPORT CDFRM
May 1994
U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| 1. Name of Institution: | F.C.I. Pekin, IL | | 124-6835 / 1 10 8 329 |
|---|---|---|---|

**PART I - INCIDENT REPORT**

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| Smith, Leslie | 07536-033 | January 6, 2004 | 0900hrs |

| 6. Place of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| FCI Pekin, Community | Unassigned | Iowa 2 |

| 9. Incident: Escape | 10. Code: 102A |
|---|---|

11. Description of Incident :    Date: 1/6/04    Time: 0900hrs    Staff became aware of incident.

Based on an SIS investigation (13261B), it was determined that inmate Smith, Leslie, Reg. No. 07536-033, and other inmates actively planned an escape from FCI Pekin during the period of June 2003 through November 2003. Specifically, inmate Smith planned to escape from FCI Pekin, on December 25, 2003, by climbing the perimeter fence, utilizing welding gloves, duct tape obtained from CMS and blue recreation mats for upper body protection against the razor wire. Smith planned to have his girlfriend Katherine Smith meet him with a vehicle in the local community with a gun and a calling card, once he was over the fence. This report is based on information received from confidential informants and physical evidence discovered in inmate Smith's personal property.

| 12. Signature of Reporting Employee | Date and Time | 13. Name and Title (printed) |
|---|---|---|
| | September 29, 2004 (10:11am) | G. Pauli, Lieutenant |

| 14. Incident Report Delivered to above inmate by: | 15. Date Incident Report delivered | 16. Time Incident Report Delivered |
|---|---|---|
| D Brandis | 9/29/04 | 8:15 p. |

**PART II - COMMITTEE ACTION**

17. Comments of Inmate to Committee Regarding Above Incident    This was a plan by Ferreira eul. Senodenos, both CI's, to be transferred from this institution.

18. A. It is the finding of the Committee that you:
____ Committed the following prohibited act:

____ Did not commit a prohibited act.

B. ____ The Committee is referring the charge(s) to the DHO for further hearing

C. ____ The Committee advised the inmate of its findings and of the right to file an appeal within 15 calendar days.

19. Committee Decision is based on the following information: INVESTIGATION WAS COMPLETED ON 12/29/03. Exc. STAFF CONCURRENCE REVIEWED ON 1/6/04. Appeal decision REC'D 9/24/04. I/R REWRITTEN. Based upon eye witness REPORT, INMATE'S STATEMENT, iNVESTIGATION (I-3261C), PIRA, No Hist. of I/R603. UDC REFERS to DHO for SANCTION.

20. Committee Action and/or recommendation if referred to DHO (contingent upon DHO finding inmate committed prohibited act) As Smith was NOT IDENTIFIED AS AN INVOLVED INMATE iN THIS SIS Report but in fact is NOT MENTIONED ANYWHERE UNTIL the conclusion & then only stating he should be Separated It is UDC RECOMMENDATION THIS I/R be EXPUNGED.

21. Date and Time of Action 9-30-04  4:35 PM (The UDC Chairman's signature next to his/her name certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

| S.L. Wheeler | J. Carter | |
|---|---|---|
| Chairman (typed name/signature) | Member (typed name) | Member (typed name) |

Record Copy - Central File Record, Copy - DHO: Copy - Inmate after UDC Action; Copy - Inmate within 24 hours of Part I preparation.

(This form may be replicated via WP)

Replaces BP-288(52) of Jan. 88

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

## RE-HEARING

| INSTITUTION | FCI Pekin | INCIDENT REPORT NUMBER | | | 1178327 |
|---|---|---|---|---|---|
| INMATE NAME | Smith, Leslie | REG NO | 07536-033 | UNIT | IA 2 |
| DATE OF INCIDENT | 1-6-04 | DATE OF INCIDENT REPORT | | | 9-29-04 |
| OFFENSE CODE(S) | 102A | | | | |
| CHARGES | Attempted Escape code 102A | | | | |

**I. NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

date/time by:        9-29-04 @ 0815 by Lt. Brandis

B. The DHO Hearing was held on        10-20-04     at (time)        0910

C. The inmate was advised of his/her rights before the DHO by (staff member):

J. Carter        on (date)        9-30-04        and a copy

of the advisement of rights form is attached.

**II. STAFF REPRESENTATIVE**

| A. Inmate waived right to staff rep. | | Yes: | | No: | X |
|---|---|---|---|---|---|
| B. Requested staff representative appeared. | | | N/A | | |

c. Requested staff representative declined or could not appear but inmate was advised of option to postpone
hearing to obtain another staff representative with the result that:

N/A

| D. Staff representative was appointed: | | N/A | |
|---|---|---|---|

E. Statement of Staff Representative:

Staff representative Haymon acknowledged fulfilling her duties as staff representative and that the inmates due
process rights had been afforded.  Ms. Haymon also stated she read the material and it came out the same as
before.

**III. PRESENTATION OF EVIDENCE**

| A. Inmate admits: | | denies: | X | |
|---|---|---|---|---|

B. Summary of inmate statement:

Inmate Smith stated; "They never retrieved any evidence from my cell.  The other two inmates that transferred
wanted me involved.  I worked in the kitchen with them.  I never associated with him at all.  When he did approach
me, I told him to get away from me, that I wanted no part of that."

C. Witness(es):

| 1. The inmate requested witness(es). | | Yes: | X | No: | | |
|---|---|---|---|---|---|---|

Page 1 of 3

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

BP-S305.052 MAY 94
**FEDERAL BUREAU OF PRISONS**

## RE-HEARING

| |
|---|
| 2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.) |
| Inmate Cahoon #06003-035 stated; "Worked with him for 1.5 years never heard him speak about it anytime." Inmate Graika #03997-089 stated; "An inmate asked me to run a check on him, his background. When I did the big E word (*escape*) came out and I pulled myself out of the whole thing. I went to Mr. Smith and told him I thought he was being set up to watch his back. |
| 3. The following persons requested were not called for the reason(s) given. |
| N/A |

| 4. Unavailable Witnesses submit written statements and those statements received were considered. | Yes | | No | | N/A | X | |
|---|---|---|---|---|---|---|---|

| |
|---|
| D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents; |
| SIS Report from Lt. Santisteban, dated 12-29-04 |
| E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: |
| The Information was independently cross corroborated with factual evidence gathered by the reporting staff. |

**IV. FINDINGS OF THE DHO**

| X | A. The act was committed as charged. |
|---|---|
| | B. The following act(s) was committed: |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

The DHO finds that you committed the prohibited act(s) of Escape, code 102A. This is based on the reporting staff's statement that on 1-6-04, at approximately 0900, an investigation concluded that during the period of June through October 2003 you and other inmates actively planned an escape from FCI Pekin. Specifically, you planned to escape from FCI Pekin on December 25, 2003 by climbing the perimeter fence, using welding gloves, duct tape from Mechanical Services, and blue recreation mats for upper body protection against the razor wire. You planned to have your girlfriend, Katherine Smith meet you with a vehicle in the local community with a gun and calling card once over the fence. This report is based on information received from confidential informants and physical evidence discovered in your personal property.

The DHO also relied upon as evidence, the SIS report from Lt. Santisteban. This report contains information provided to the SIS Office, by confidential informants. The DHO finds their eyewitness account is more reliable, based upon independent factual cross corroboration with evidence found by the reporting staff. The DHO determined that including the substance of the confidential information would jeopardize institution security and will therefore not be disclosed to you. However, it is provided in a separate FOI EXEMPT memorandum.

You appeared before the DHO denying the charge(s) as noted in section 3 of the report.

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

BP-S305.052 MAY 94
**FEDERAL BUREAU OF PRISONS**

## RE-HEARING

Your staff representative was present, however had no information towards mitigation of the charges.

The DHO considered the testimony of the witnesses, yet gave greater weight of evidence to the statement of the reporting staff, acknowledging the duty and obligation to report the truth and submit accurate statements. .

Additionally, the information provided by Confidential Informants offers independent cross corroboration. It is therefore, considered more credible and worthy of belief.

Therefore, the DHO finds you committed the prohibited act(s).

### VI. SANCTION OR ACTION TAKEN

60 Days DS
40 Days DGCT

### VII. REASON FOR SANCTION OR ACTION TAKEN

Plotting to Escape from an Secure Institution is highly disruptive, interferes with the inmate accountability, and the orderly running of institution. It is also prohibited by Federal Law, and places individual lives in jeopardy. The sanctions were imposed to punish you for your actions and hopefully deter you from future behavior of this nature.

### VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | Yes | X | No | |
|---|---|---|---|---|

### IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| F.A. Bierschbach | *FABierschbach* | November 12, 2004 |

| Report delivered to inmate by: | | Date: |
|---|---|---|

(This form may be replicated in WP)

Replaces BP-304(52) of JAN 88

```
    CSTD6          *         PUBLIC INFORMATION          *      10-05-2005
    PAGE 001       *           INMATE DATA               *      15:15:13
                            AS OF 10-05-2005

REGNO..: 07536-033 NAME: SMITH, LESLIE ALLEN

                    RESP OF: PEK / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 309-346-8588     FAX: 309-477-4685
                                              RACE/SEX...: WHITE / MALE
    FBI NUMBER.: 313247G                      DOB/AGE....: 09-15-1950 / 55
    PROJ REL MT: GOOD CONDUCT TIME RELEASE    PAR ELIG DT: N/A
    PROJ REL DT: 12-29-2016                   PAR HEAR DT:
    -------------------------- ADMIT/RELEASE HISTORY --------------------------
    FCL   ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP  DATE/TIME
    PEK   A-DES      DESIGNATED, AT ASSIGNED FACIL 07-25-2005 1428 CURRENT
    PEK   ESCORT TRP ESC TRIP OTHER THAN LOCAL HOSP 07-25-2005 1234 07-25-2005 1428
    PEK   A-DES      DESIGNATED, AT ASSIGNED FACIL 11-22-2002 1655 07-25-2005 1234
    A02   RELEASE    RELEASED FROM IN-TRANSIT FACL 11-22-2002 1755 11-22-2002 1755
    A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-22-2002 0830 11-22-2002 1755
    OKL   HLD REMOVE HOLDOVER REMOVED              11-22-2002 0730 11-22-2002 0730
    OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED  11-21-2002 1800 11-22-2002 0730
    1-T   RELEASE    RELEASED FROM IN-TRANSIT FACL 11-21-2002 1900 11-21-2002 1900
    1-T   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-04-2002 0933 11-21-2002 1900
    CNV   ADMIN REL  ADMINISTRATIVE RELEASE        11-04-2002 0833 11-04-2002 0833
    CNV   A-ADMIN    ADMINISTRATIVE ADMISSION      11-04-2002 0823 11-04-2002 0833




    G0002      MORE PAGES TO FOLLOW . . .
```

012

```
   CSTD6            *           PUBLIC INFORMATION            *      10-05-2005
   PAGE 002         *              INMATE DATA                *      15:15:13
                                  AS OF 10-05-2005

REGNO..: 07536-033 NAME: SMITH, LESLIE ALLEN

                 RESP OF: PEK / DESIGNATED, AT ASSIGNED FACIL
                 PHONE..: 309-346-8588     FAX: 309-477-4685
PRE-RELEASE PREPARATION DATE: 06-29-2016

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  12-29-2016 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: KENTUCKY, WESTERN DISTRICT
DOCKET NUMBER...................: 1:01CR-56-R
JUDGE...........................: RUSSELL
DATE SENTENCED/PROBATION IMPOSED: 09-16-2002
DATE COMMITTED..................: 11-22-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $100.00        $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  137
OFF/CHG: 18:922(G)(1) & 924(E)(1) POSS OF A FIREARM BY A CONVICTED
         FELON WHO HAS BEEN CONVICTED OF 3 PREVIOUS VIOLENT FELONIES

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    210 MONTHS
 TERM OF SUPERVISION............:      5 YEARS
 DATE OF OFFENSE................: 08-28-2001

G0002      MORE PAGES TO FOLLOW . . .
```

```
  CSTD6        *            PUBLIC INFORMATION          *    10-05-2005
PAGE 003 OF 003 *             INMATE DATA               *    15:15:13
                           AS OF 10-05-2005

REGNO..: 07536-033 NAME: SMITH, LESLIE ALLEN

                  RESP OF: PEK / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 309-346-8588   FAX: 309-477-4685
-----------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-04-2004 AT PEK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 09-16-2002
TOTAL TERM IN EFFECT............:  210 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   17 YEARS      6 MONTHS
EARLIEST DATE OF OFFENSE........: 08-28-2001

JAIL CREDIT.....................:  FROM DATE     THRU DATE
                                   08-28-2001    09-15-2002

TOTAL PRIOR CREDIT TIME.........: 384
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 788
TOTAL GCT EARNED................: 176
STATUTORY RELEASE DATE PROJECTED: 12-29-2016
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 02-25-2019


PROJECTED SATISFACTION DATE.....: 12-29-2016
PROJECTED SATISFACTION METHOD...: GCT REL




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

```
   CSTD6        *         INMATE DISCIPLINE DATA        *     10-05-2005
PAGE 001 OF 001 *    CHRONOLOGICAL DISCIPLINARY RECORD     *     15:15:34

REGISTER NO: 07536-033 NAME..: SMITH, LESLIE ALLEN
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO     MOS PRIOR TO 10-05-2005

--------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1178327 - SANCTIONED INCIDENT DATE/TIME: 01-06-2004 0900
DHO HEARING DATE/TIME: 10-25-2004 1038
FACL/CHAIRPERSON.....: PEK/BIERSCHBAC
APPEAL CASE NUMBER(S): 363028, 333519
REPORT REMARKS.......: REHEARING ORDERED BY REGIONAL APPEAL.  SANCTIONS UPHELD
   102A ESCAPING-SECURE CUST/VIOLENCE - FREQ: 1
       DIS GCT    / 40 DAYS / CS
       COMP:010 LAW:P   DISALLOW 40 DAYS GOOD CONDUCT TIME
       DS         / 60 DAYS / CS
       COMP:   LAW:   60 DAYS DISCIPLINARY SEGREGATION
--------------------------------------------------------------------------
REPORT NUMBER........: 1178327 (REHEARD 10-25-2004 1038)
DHO HEARING DATE/TIME: 03-03-2004 0915



    G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
  CSTD6  542*22 *              SENTENCE MONITORING          *     10-05-2005
  PAGE 001 OF 001 *              GOOD TIME DATA            *     15:16:10
                               AS OF  10-05-2005

  REGNO...: 07536-033   NAME: SMITH, LESLIE ALLEN
  ARS 1...: PEK A-DES                                      PLRA
  COMPUTATION NUMBER..: 010                    FUNC..: PRT   ACT DT:
  LAST UPDATED: DATE.: 03-04-2004              FACL..: PEK    CALC: AUTOMATIC
  UNIT................: IOWA                   QUARTERS............: C06-224U
  DATE COMP BEGINS....: 09-16-2002             COMP STATUS.........: COMPLETE
  TOTAL JAIL CREDIT...: 384                    TOTAL INOP TIME.....: 0
  CURRENT REL DT......: 09-02-2018 SUN         EXPIRES FULL TERM DT: 02-25-2019
  PROJ SATISFACT DT...: 12-29-2016 THU         PROJ SATISF METHOD..: GCT REL
  ACTUAL SATISFACT DT.:                        ACTUAL SATISF METHOD:
  DAYS REMAINING......:                        FINAL PUBLC LAW DAYS:

  ------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

     START         STOP        MAX POSSIBLE TO     ACTUAL TOTALS   VESTED    VESTED
     DATE          DATE        DIS   PFT         DIS   PFT         AMOUNT     DATE
  08-28-2001  08-27-2002      54     54
  08-28-2002  08-27-2003      54    108
  08-28-2003  08-27-2004      54    122          40
  08-28-2004  08-27-2005      54    176
  08-28-2005  08-27-2006      54
  08-28-2006  08-27-2007      54
  08-28-2007  08-27-2008      54
  08-28-2008  08-27-2009      54
  08-28-2009  08-27-2010      54
  08-28-2010  08-27-2011      54
  08-28-2011  08-27-2012      54
  08-28-2012  08-27-2013      54
  08-28-2013  08-27-2014      54
  08-28-2014  08-27-2015      54
  08-28-2015  08-27-2016      54
  08-28-2016  12-29-2016      18

        TOTAL EARNED AMOUNT.........................................:     176
        TOTAL EARNED AND PROJECTED AMOUNT...........................:     788


  G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
CSTD6              *         PUBLIC INFORMATION           *      10-06-2005
PAGE 001           *            INMATE DATA               *      09:40:22
                                AS OF 10-06-2005

REGNO..: 07536-033 NAME: SMITH, LESLIE ALLEN

                   RESP OF: PEK / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 309-346-8588   FAX: 309-477-4685
                                           RACE/SEX...: WHITE / MALE
FBI NUMBER.: 313247G                       DOB/AGE....: 09-15-1950 / 55
PROJ REL MT: GOOD CONDUCT TIME RELEASE     PAR ELIG DT: N/A
PROJ REL DT: 11-24-2016                    PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY ----------------------------
FCL   ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP  DATE/TIME
PEK   A-DES      DESIGNATED, AT ASSIGNED FACIL 07-25-2005 1428 CURRENT
PEK   ESCORT TRP ESC TRIP OTHER THAN LOCAL HOSP 07-25-2005 1234 07-25-2005 1428
PEK   A-DES      DESIGNATED, AT ASSIGNED FACIL 11-22-2002 1655 07-25-2005 1234
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL 11-22-2002 1755 11-22-2002 1755
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-22-2002 0830 11-22-2002 1755
OKL   HLD REMOVE HOLDOVER REMOVED              11-22-2002 0730 11-22-2002 0730
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED  11-21-2002 1800 11-22-2002 0730
1-T   RELEASE    RELEASED FROM IN-TRANSIT FACL 11-21-2002 1900 11-21-2002 1900
1-T   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-04-2002 0933 11-21-2002 1900
CNV   ADMIN REL  ADMINISTRATIVE RELEASE        11-04-2002 0833 11-04-2002 0833
CNV   A-ADMIN    ADMINISTRATIVE ADMISSION      11-04-2002 0823 11-04-2002 0833




G0002       MORE PAGES TO FOLLOW . . .
```

```
   CSTD6          *         PUBLIC INFORMATION        *    10-06-2005
   PAGE 002        *           INMATE DATA            *    09:40:22
                              AS OF 10-06-2005

REGNO..: 07536-033 NAME: SMITH, LESLIE ALLEN

                    RESP OF: PEK / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 309-346-8588    FAX: 309-477-4685
PRE-RELEASE PREPARATION DATE: 05-24-2016

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  11-24-2016 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: KENTUCKY, WESTERN DISTRICT
DOCKET NUMBER...................: 1:01CR-56-R
JUDGE...........................: RUSSELL
DATE SENTENCED/PROBATION IMPOSED: 09-16-2002
DATE COMMITTED..................: 11-22-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                    FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.:     $100.00        $00.00          $00.00      $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  137
OFF/CHG: 18:922(G)(1) & 924(E)(1) POSS OF A FIREARM BY A CONVICTED
         FELON WHO HAS BEEN CONVICTED OF 3 PREVIOUS VIOLENT FELONIES

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    210 MONTHS
 TERM OF SUPERVISION............:      5 YEARS
 DATE OF OFFENSE................: 08-28-2001

G0002      MORE PAGES TO FOLLOW . . .
```

```
   CSTD6          *         PUBLIC INFORMATION          *     10-06-2005
PAGE 003 OF 003 *            INMATE DATA               *     09:40:22
                          AS OF 10-06-2005
```

REGNO..: 07536-033 NAME: SMITH, LESLIE ALLEN

```
              RESP OF: PEK / DESIGNATED, AT ASSIGNED FACIL
              PHONE..: 309-346-8588   FAX: 309-477-4685
-------------------------CURRENT COMPUTATION NO: 010 --------------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 10-05-2005 AT PEK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 09-16-2002
TOTAL TERM IN EFFECT............:  210 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   17 YEARS      6 MONTHS
EARLIEST DATE OF OFFENSE........: 08-28-2001

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                   08-28-2001    09-15-2002

TOTAL PRIOR CREDIT TIME.........: 384
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 823
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 11-24-2016
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 02-25-2019


PROJECTED SATISFACTION DATE.....: 11-24-2016
PROJECTED SATISFACTION METHOD...: GCT REL
```

S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

```
   CSTD6              *           INMATE DISCIPLINE DATA              *        10-06-2005
   PAGE 001 OF 001 *       CHRONOLOGICAL DISCIPLINARY RECORD          *        09:38:28

   REGISTER NO: 07536-033 NAME..: SMITH, LESLIE ALLEN
   FUNCTION...: PRT         FORMAT: CHRONO      LIMIT TO ____ MOS PRIOR TO 10-06-2005
```

```
   G5463          NO ENTRIES EXIST IN CHRONOLOGICAL LOG FOR TIME PERIOD REQUESTED
```

```
  CSTD6  542*22 *              SENTENCE MONITORING            *        10-06-2005
  PAGE 001 OF 001 *              GOOD TIME DATA              *        09:38:11
                                AS OF  10-06-2005

REGNO...: 07536-033   NAME: SMITH, LESLIE ALLEN
ARS 1...: PEK A-DES                                        PLRA
COMPUTATION NUMBER..: 010                     FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 10-05-2005              FACL..: PEK    CALC: AUTOMATIC
UNIT................: IOWA                    QUARTERS............: C06-224U
DATE COMP BEGINS....: 09-16-2002             COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 384                     TOTAL INOP TIME.....: 0
CURRENT REL DT......: 07-24-2018 TUE          EXPIRES FULL TERM DT: 02-25-2019
PROJ SATISFACT DT...: 11-24-2016 THU          PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                         ACTUAL SATISF METHOD:
DAYS REMAINING......:                         FINAL PUBLC LAW DAYS:

-------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

   START      STOP      MAX POSSIBLE TO    ACTUAL TOTALS   VESTED    VESTED
   DATE       DATE      DIS   FFT       DIS    FFT       AMOUNT     DATE
  08-28-2001 08-27-2002  54    54
  08-28-2002 08-27-2003  54   108
  08-28-2003 08-27-2004  54   162
  08-28-2004 08-27-2005  54   216
  08-28-2005 08-27-2006  54
  08-28-2006 08-27-2007  54
  08-28-2007 08-27-2008  54
  08-28-2008 08-27-2009  54
  08-28-2009 08-27-2010  54
  08-28-2010 08-27-2011  54
  08-28-2011 08-27-2012  54
  08-28-2012 08-27-2013  54
  08-28-2013 08-27-2014  54
  08-28-2014 08-27-2015  54
  08-28-2015 08-27-2016  54
  08-28-2016 11-24-2016  13

     TOTAL EARNED AMOUNT...........................................:    216
     TOTAL EARNED AND PROJECTED AMOUNT.............................:    823


G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```