UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

FILED
OCT 2 4 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Leslie Allen Smith, pro-se )
    Petitioner )

Vs. ) Cause #05:1225
R. V. Veach, Warden, et al )
    Respondent(s) )

### BRIEF IN SUPPORT OF LEAVE FOR ORDER FOR DISCOVERY

Comes now Petitioner, Leslie Allen Smith, pro-se, and respectfully moves his Honorable Court for An Order directing the Respondents and their attorney(s) to respond to Discovery in this matter before this Court. The Discovery requested are relevant to the issues and materials as the Petitioner sets forth in this Brief.

### STATEMENT OF THE CASE

Petitioner was/is a resident in the Iowa Unit of the Pekin Federal Correctional Institution On November 33, 2003, the Petitioner was placed in the Special Housing Unit (bucket) for investigation, and was held there until January 8, 2004 when he was informed by the U.D.C. (Unit Team Disciplinary Board) that he was charged with Code 102-A, Attempting to Escape. The U.D.C. Board consisted of Ms. Carter, U.D.C. Iowa 1 Unit Case Manager, and Ms. Hayman, Counselor for Iowa 2.

The Petitioner pled **not guilty** and was asked what witness(s) he wanted. The case was then entered as to their judgment with no witness(s) present ("guilty by U.D.C.) and moved to the D.H.O.

The D.H.O. met on February 25, 2004. Mr. Bierselbach, Disciplinary Hearing Officer, started to hear my case and decided he had too many papers and wanted to delay the hearing until March 2, 1004. Petitioner asked for inclusion of three (3) additional witnesses and gave their names. The Chairman agreed to let Staff Representative, Mr. Olds, Unit Manager of Iowa Unit, obtain those statements in lieu of personal interviews. Petitioner remained in the bucket.

On March 3, 2004, Petitioner met D.H.O. and the Chairman accused Petitioner of having done a similar act in the Greenville Correctional Facility where Petitioner **has never been.** (Memorandum in support, pages 1-5). Exhibits 1, 11, 17.

Petitioner was found guilty and placed in disciplinary segregation from that date until June 2nd or 3rd, 2004 and then moved back to Administrative detention where there was no charges or investigations from that date until July, 2004, when the then Warden Hastings let Petitioner out to General Population. Petitioner exhausted all of his Administrative appeals. The first was <u>overturned</u> by Region. Petitioner went through the entire process again. Ms. Carter, same member of U.D.C. at the first hearing and Ms. Wheeler who was acting Chairperson, found Petitioner **"not guilty"** and recommended expungement, but because of the Code, it was taken back to the D.H.O. At that second hearing, Petitioner asked on the List of Witnesses for three (3) offenders who had been cellmates of Petitioner and for one witness who had been a cellmate of the Informants. Ms. Wheeler and Ms. Carter assured Petitioner that in light of the witnesses having been transferred that the institution where they were now located would be contacted and would be asked to furnish statements which would be faxed for Petitioner's hearing.

The DHO convened on November 11, 2004 and found the Petitioner guilty and re-instated to sanctions. This hearing was based on an **entirely different version** than the first write-up. Petitioner again exhausted all Administrative appeals.

The Discovery is needed because of the following issues which Petitioner prays this Court will allow:

1. Petitioner's original incident report was prepared by Lt. F. Santesteban. That report is identical to the reports prepared against Offenders' John Lanter and Gomez Gonzalas. See Exhibits 2 and 3, Memorandum in support.

   In all three (3) incident reports written by Lt. F. Santesteban, the Court will note that it states there was evidence found in the rooms occupied by each. No evidence was ever brought forward at any hearing held against this Petitioner. In the Confidential Record prepared by the D.H.O. Chairman, which Region and Washington relied upon to deny the Petitioner's appeal, the Chairman states the same evidence found.

   Under Fed.R. Crim. P.16, and Brady v. Maryland, 373 U.S. 83 (1963) by this Motion, the Petitioner seeks a broad array of potentially exculpatory evidence. The United States Supreme Court has an ongoing obligation to turn over evidence which is favorable to the accused. Pennsylvania v. Ritchie, 480 U.S. 49 (1987). Further, Courts have recognized that the disclosue of "impoachment type" Brady material is required where there is "reasonable probability that the failur to make such disclosure would be sufficient to

undermine confidence in the outcome of a rial. United States v. MacFarlane, 795 F. Supp. 1163, 1168 (C.D. PA 1991)

The Petitioner's Request for Documents will prove out that the reports prepared by Lt. F. Santesteban were in error and that while he states that evidence was found, there never was any evidence found regarding any escape plan or attempt to escape material.

2. The Government will rely upon their use of Confidential Informants (C.I.'s) and alleged "cross corroboration" of these two (2) informants.

While the Petitioner was still being held in the hole, a packet was delivered to the Petitioner that contained the Region's rejection of the Petitioner's appeal. Inadvertently included in this packet was FOI Exempt material, specifically letters "Internal" and memos, as well as the DHO's confidential summary. Ref. Memorandum section "Appeal Addendum" pages 1-4, document 1 thru 7.

Documents which the Petitioner is not asking for in discovery, but asking this Honorable Court to require the Respondent to turn over to this Court for review. Those documents specifically state who the Confidential Informants were and the information they provided "no evidence", just the C.I.'s statements which are at the heart of their case.

The documents the Petitioner request are limited to the medical reports while he was in the hole, any document confiscation form regarding any evidence purportedly used in this case, any document regarding cell assignment in the hole where Petitioner was placed with either of the two others similarly charged with the same code violation and, lastly, any report conclusion, memo by F.B.I. Agent Sullivan, whose name appears at the bottom of the incident reports.

3. According to the F.O.I. Exempt material, the two (2) Informants offered their information in exchange for a deal. See Appeal Addendum Document 7, dated 10-7-03, authored by Lt. Felix Santesteban to the then Captain Baysinger, regarding a meeting in the hospital between himself and Santesteban where Jose Ferriera was making a deal. Five page document but has different dates.

Since making deals with informants violates inmate disciplinary code 52706 which states "informants making deals in exchange for information is prohibited". That document the Court should read in its entirety. However, Petitioner requests:
1) the existence and nature of any and all negotiations by any agency of the

> Federal Government of any pleas or deals relating to any and all of the disclosed or undisclosed informants or conspirators.
> 2) Any compensation, guarantee or renumeration, promises or believed promises of any gifts, transfers, or time cuts by the Informants. United States v. Moore, 936 F2d. 1508 (7th Cir.1991).
> 3) In order to provide background information necessary to ascertain if the government solicits perjured testimony or allows perjured testimony to go uncorrected, it is important to understand by defense the nature of the informants' believed information and deals made. Money v. Holchan, 294 U.S. 103 (1935); Alcordo v. Texas, 355 U.S. 28 (1957); Napu v. Illinois 360 U.S. 264 (1959).

The second DHO hearing was a result of Lt. Pagli's rewriting the "new" incident report. In that REVISED report, an entirely new version was given to Petitioner. The only way Petitioner can identify how Lt. Pagli dame to rewrite the report is through Admissions. The document speaks for itself, but in August of 2005, Lt. Pagli pulled the Petitioner aside and asked him what the case was that **he** (Lt. Pagli) was involved with. Fearful of being punished, Petitioner advised Lt. Pagli that he (Lt. Pagli) authored the second writeup and Lt. Pagli would have to explain why. With that, Lt. Pagli said he was cleaning up messes made by Santesteban, but that was off the record.

On a second occasion in October 2005, Lt. Pagli again pulled Petitioner aside and said the Assistant Warden, Ms. W. Rowl, wanted to know specifically who gave Petitioner the Confidential material. Again fearful of reprisal, Petitioner stated it was delivered to him in the hole from Region.

Petitioner has never been questioned by Lt. Pagli, F.B.I. Agent Sullivan or even Lt.Santesteban, nor has anyone ever mentioned any involvement by a girlfriend until Lt. Pagli added it in his new version of the incident. In fact, while there were several officers involved in the first report and generated paper, Lt. Pagli's name was nowhere until second report was rewritten. Lt. Pagli should answer Admissions as to how he became involved when he was never a part of any original investigation. Lt. Pagli states he relied on Santesteban's report. That report was flawed if there was no evidence.

To the extent that the Government's files reveal others as having been the actual participants and actors in the various circumstances believed to provide a basis for this prosecution, it is an essential element of Leslie Allen Smith's defense to have access to such information and be allowed to prove it before this Court.

This Motion is made in good faith and not for the purpose of delay or to engage in a fishing expedition. The requested items and information are in possession of the Government and cannot be examined prior to any ruling by this Court other than by an ORDER of this Honorable Court.

The materiality and necessity for the items requested are needed by the Petitioner to prove he was wrongly convicted, sanctioned, lost credit time, and is still being punished by the Captain, denied meaningful employment at UNICOR, and his security level and points raised. All of the foregoing are a direct result of this wrongful act.

The Petitioner requests these documents listed: 1) F.B.I. Agent Sullivan's notes, interviews, conclusions as pertains only to Petitioner, 2) Records from S.H.U. when Petitioner was placed with Lanter and Gonzolas, 3) Medical Records through the dates Petitioner was confined to S.H.U., 4) Any record of physical evidence.

Further Admissions from: Lt. Pagli, author of the second writeup, Lt. Santesteban, author of the first write-up, U.D.C. members Hayman, Carter, Wheeler and Olds, of which Hayman and Olds also served as Staff Representative, Captain Gonzales who continues to punish Petitioner with mandatory check-ins every two (2) hours, and DHO Chairman Bierschbach, and Officer Newman who searched and packed Petitioner's cell.

Petitioner requests pursuant to Rule 609 (b) of the Federal Rules of Evidence directing the Government to provide the Petitioner with written notice of its i8ntent to use any evidence that it will argue is admissible under the provisions of Rule 609 (a)(1) and or (2), and Rule 803 (24).

## CONCLUSION

Realizing that this is hearsay, Petitioner has been told verbally by the then Warden Ms. Hastings hat she never believed this charge. It has only been through the Petitioner's belief in God that the truth will come out that has kept the Petitioner seeking relief even while punishment continues. The Petitioner has asked this Court to appoint an attorney knowing that the Government would not voluntarily turn over FOI Exempt material or open its files to the Petitioner and answer questions the Petitioner might ask. Petitioner has none of the staff access to Government officials that an attorney would have. The Government cannot say it is not able to copy the documents requested sent to this Honorable Court, specifically as requested those documents 1-7 outlined by Petitioner; nor can they deny their existence. The "Original" statements made by the Confidential Informants are needed for in-camera review and Petitioner prays this Court will ORDER them produced for the Court's review.

Petitioner has to prove through Admissions wrongful acts that he knows exists and has to have the discovery rule in order to show the Court the errors that were made by a flawed investigation, no evidence, informants who committed perjury for personal favor, gain or hoped for gain and deals were made. Only if discovery is allowed can Petitioner prove beyond a shadow of a doubt his Constitutional Rights were denied him.

This Honorable Court directed Petitioner that his earlier Discovery request was invalid. Petitioner is pro-se and indigent. He respectfully asks that those document requests and Admissions be ordered filled by the Respondents forthwith and grant leave to Petitioner to make such other and further motions as may be appropriate upon the Government's compliance with any ORDER of this Court and grant such relief as the Court may deem just and proper.

                                                        Respectfully submitted,

Leslie Allen Smith 07526-033
Federal Correctional Institution
P. O. Box 5000
Pekin, Illinois 61555-5000

LAS:mfv

| Copies: | |
|---|---|
| 1 | Attorney for Respondents:<br>Darilynn J. Knauss, Asst U.S. Atty.<br>211 Fulton Street, Suite 400<br>Peoria, Illinois 61602 |
| 1 | Warden R. V. Veach<br>FCI – Pekin<br>P. O. Box 5000<br>Pekin, Illinois 61555-5000 |
| 4 | Clerk of the Court<br>Federal Court House, Room 254<br>100 N. E. Monroe<br>Peoria, Illinois 61602 |

## CERTIFICATE OF SERVICE – AFFIRMATION

I, Leslie Allen Smith-07526-033, do hereby swear under the penalties of perjury that the foregoing is true and accurate to the best of my knowledge and belief, and that copies of this Motion for Discovery with accompanying Brief were mailed through the U. S. Mail, Postage Prepaid this 21st day of October 2005.

Leslie Allen Smith 07526-033
Federal Correctional Institution
P. O. Box 5000
Pekin, Illinois 61555-5000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| **Leslie Allen Smith, 07526-033** | ) | |
| **Petitioner Pro-Se** | ) | |
| | ) | |
| v. | ) | Cause No.: 05:1225 |
| | ) | |
| **R. V. Veach, Warden, et al** | ) | |
| **Respondents** | | |

**ORDER**

This Court, having been duly advised of Petitioner's Leave to Proceed with Discovery under Rule 16 (a)(1)(B), now finds that in the interest of justice, Petitioner should be granted leave for specified Discovery, Documents and Admissions only related to the Claims outlined regarding his cause of action.

It is further ordered that Respondents are to deliver to this Court all of the Documents Petitioner lists in his Memorandum and all of the original Confidential Statements for In-Camera Review.

Respondents are also ordered to comply with Discovery Request in the matter of any physical evidence and any and all promises, and deals made to the informants that were used to secure Informant's statements.

So ordered this _____ day of _____ 2005

_____
Honorable Judge Mihm

October 21, 2005 

OCT 2 4 2005

Clerk of the Court
U. S. District Court
Federal Court Room 254
100 N. E. Monroe
Peoria, Illinois 61602

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Cause Number:  05:1225**

Clerk,

    Please file and present to the Honorable Court the following:

| | |
|---|---|
| 3 & 1 original | Motion and Brief for Discover.  Brief attached. Certificate of Service attached. |
| 3 & 1 original | Motion and Brief for Restraining Order.  Brief attached. Certificate of Service Attached. |

    Respondent's attorney Darilynn J. Knauss was sent a copy of both.

    Thank you.

                                                      Sincerely,

                                                      Leslie Allen Smith 07536-033
                                                      Federal Correctional Institution
                                                      P. O. Box 5000
                                                      Pekin, Illinois 61555-5000

LAS:mfv
Attachments