E-FILED
Monday, 24 October, 2005 12:05:21 PM
Clerk, U.S. District Court, ILCD

FILED
OCT 2 4 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| **Leslie Allen Smith, pro-se, 07536-033**     ) | |
| **Petitioner**                                ) | |
|                                               ) | |
| Vs.                                           ) | Cause No.: 05:1225 |
|                                               ) | |
| **R. V. Veach, Warden, et al**                ) | |
| **Respondents**                               ) | |

### BRIEF IN SUPPORT OF TEMPORARY RESTRAINING ORDER

The Petitioner, Leslie Allen Smith, number 07536-033, has a Habeas Corpus 2241 pending before this Court. The Respondents have a U. S. Attorney, Ms. Darilynn J. Knauss. However, rather than the Attorney going through the Court, or contacting Petitioner, the Officials at the Pekin FCI have repeatedly held back mail, delivered legal mail which was opened outside Petitioner's view, delivered legal mail with regular mail, and pulled Petitioner out of line to question him about litigation before this Court.

1. Routinely ALL LEGAL MAIL is supposed to be logged in by the Staff. At this institution, Legal Mail is supposed to be sent to the Secretary in each Housing Unit, the Secretary dates it when received, when opened and when received by the Offender
   A. This process is not being followed. It is routinely being ignored causing Legal Mail that carries time limit for responses to be held against the Offender because the Offender cannot prove the date he received it.
   B. Petitioner attaches <u>envelopes, clearly legal in nature,</u> to this Brief. Some of the envelopes clearly state "Open only in his presence" which was ignored and which was delivered late.

2. On two (2) separate occasions, Lt. Pagli, who is one of the characters in the aforementioned Habeas Corpus, has stopped Petitioner and questioned him about the litigation before this Court.

   Lt. Pagli stopped the Petitioner in August 2005 and just "wanted to know why he (Lt. Pagli) was involved, and what could Petitioner tell him". Lt. Pagli stopped the Petitioner a second time and stated that the Assistant Warden wanted to know how the Petitioner obtained the C.I. information.

    Both of these incidents made the Petitioner feel as though he was going to be punished some more and subjected to more hole treatment for pursuing legal redress.

    Petitioner clearly has indicated in his memorandum filed with this Court exactly how he obtained the confidential information and who is involved and why. There was and is no cause to intimidate, threaten or punish the Petitioner for pursuing legal redress.

    It is clearly a breach of professional ethics for Staff who have questions to by-pass their Attorney and question Petitioner, without benefit of Counsel. Petitioner has no means to prevent it other than asking this Honorable Court to ORDER it to cease.

3. To check the current status of the Petitioner, the Court can order production of Petitioner's Record at FCI Pekin. Petitioner has only the one (1) incident report, is no problem to Staff, and participates in programming voluntarily. He is assigned a Unit position as an orderly Monday through Friday, on off duties hours, he works as a volunteer for Tazwell Animal Protective Services (TAPS) "No Kill Animal Shelter" making doghouse banks.

Every two (2) hours, eight (8) times a day, starting at 7:00 a.m. and ending at 9:00 p.m., the Petitioner has to "check in" or he will be immediately placed in the hole on orders of the Captain.

    The institution at FCI Pekin is not without its problems, but Petitioner is not one of them and does not want to be given any "diesel therapy" as Benavides v. Bureau of Prisons, 993 F.2d. 257 (D.C. 1993). Petitioner lives approximately five (5)hours from Pekin in Michigan City, Indiana. The Petitioner knows that when intimidation does not work, sometimes there are other methods of stopping an Offender from pursuing his Constitutional rights.

## CONCLUSION

Petitioner simply asks this Court, in light of the proof offered (clearly marked legal mail envelopes) to ORDER all legal mail to be dated when received by the institution and handled according to the Policy and Law.

Lastly, that the Attorney for the Respondents advise their client(s) that they are not to ask the Petitioner for any information or threaten, punish or intimidate the Petitioner for pursuing this matter before this Court. An ORDER preventing Respondents from discussing this case with Petitioner without the Court's leave or without an Attorney, and no retaliatory placement in the bucket, hole, or SHU unless the Petitioner has violated some institutional rule and no transfer or threat of diesel therapy while this Court has jurisdiction.

## PRAYER FOR RELIEF

Petitioner can only tell the Court on his word as a Christian and man, that what he has stated is true and correct before Court and God. I, Petitioner Leslie Allen Smith, hereby swear that what I have said is true and accurate. While I have no sworn testimony of Lt. Pagli or Assistant Supt./Warden Mrs. Roal, those instances happened and caused Petitioner to fear reprisals for this action. Petitioner humbly asks this Court for an Order preventing any malicious conduct from continuing.

Respectfully,

Leslie Allen Smith 07536-033
Federal Correctional Institution
P. O. Box 5000
Pekin, Illinois 61555-5000

## CERTIFICATE OF SERVICE

On 21st October 2005, copies of Motion and Brief for Restraining Order were mailed to the Clerk of the Court, Respondents' Attorney and file copy maintained, all at the following addresses, postage prepaid, first class U.S. Mail.

## ATTACHED TO CERTIFICATE OF SERVICE

Copies of Legal Envelopes that the Government cannot prove were ever handled in accordance with Policy and Law regarding "Legal Mail". The postmark dates indicate the date they were received by the inmate, yet mailed by Postmark on much earlier dates.

Leslie Allen Smith 07536-033
Federal Correctional Institution
P. O. Box 5000
Pekin, Illinois 61555-5000

Copies mailed to following:

| One (1) copy: | Darilynn J. Knauss | Four (4) copies: | Clerk of the Court |
| | Asst. U. S. Attorney | | Fed. Courthouse Rm. 254 |
| | 211 Fulton St., Ste. 400 | | 100 N. E. Monroe |
| | Peoria, Illinois 61602 | | Peoria, Illinois 61602 |

Page 3 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

Leslie Allen Smith, 07536-033        )
    Petitioner Pro-Se               )
                                    )
    v.                              )    Cause #05:1225
                                    )
R. V. Veach, Warden, et al           )
    Respondents                     )

## ORDER

The Court now orders the Respondents to comply with the proper procedures of the handling of ALL LEGAL MAIL that is clearly marked "Legal" which means log it in, inspect it in the Petitioner's presence and see that it is delivered in a timely fashion.

The Court also orders the Respondents to cease any extra influence or intimidation of the Petitioner for filing his case before this Court. Cease and desist any discussion not done through the Court or through their attorney.

This Petitioner is under the jurisdiction of this Court and is not to be hampered, transferred or threatened in any way from pursuing his legal rights under the Constitution.

        So ordered this _____ day of _____ 2005.

_____
Honorable Judge Mihm

Mailed Sept 20 - Delivered Oct 4 - Late

Opened - And came through Reg Mail

14 Days Late

SAINT LOUIS MO 631
20 SEP 05 1PM 04 US POSTAGE $00.37
PB 2233267
9412 4993

Coy

10-4-05

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
OFFICE OF THE CLERK
ST LOUIS, MO 63102

63102

Clearly Legal Mail - Never logged in As when it was Received. Delivered through Regular Mail - Opened

delivered by Reg Mail 7days late

OFFICE OF THE CLERK
**UNITED STATES COURT OF APPEALS**
100 E. FIFTH STREET, ROOM 540
CINCINNATI, OHIO 45202-3988

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

NEVER Logged in- No Record Exist
of it having ever Arrived to me
by Staff Records.

Rec'd by Regular
Mail- Opened on
10-7-05

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK
ROOM 309
FEDERAL BUILDING
100 N.E. MONROE
PEORIA, ILLINOIS 61602

OFFICIAL BUSINESS

016H16502140
$00.370
10/04/2005
Mailed From 61602
US POSTAGE
Hasler

Leslie Allen Smith
07536-033
PEKIN
Federal Correctional Institution
P O Box 5000
Pekin, IL 61555

Legal Mail - no Logged Entry
delivered late

Legal Mail never Logged
in. Post marked 4-27-2005
Received **5-16-2005**

[Postage mark: UNITED STATES POSTAGE $00.37⁰ APR 27 2005, MAILED FROM ZIP CODE 46016]

Leslie A. Smith #07536033
Federal Correctional Insitution
P.O. Box 5000
Pekin, IL 61555

THE SUPERIOR COURT
OF MADISON COUNTY
MADISON COUNTY GOVERNMENT CENTER
16 EAST NINTH STREET
ANDERSON IN. 46016

Leslie Smith #07534-033
PO Box 5000
Pekin IL 61555-5000

Indiana Supreme Court
Legal Mail - Never lodged in - nor delivered in Reasonable Time.

008

CLERK OF THE INDIANA SUPREME COURT
217 STATE HOUSE
INDIANAPOLIS, INDIANA 46204

Never lodged in,
delivered in Amts
Amt

61555+5000 50

U.S. Department of Justice
United States Attorney
Western District of Kentucky
510 West Broadway - 10th Floor
Louisville, KY 40202

Official Business
Penalty for Private Use $300

— Clearly
legal mail
never possed to
delivered 10 days late

LESLIE ALLEN SMITH
FEDERAL CORRECTIONAL INSTITUTION
#07536-033
P O BOX 5000
PEKIN IL 61555

61555+5000  50

MAIL ERROR

US POSTAGE
$00.60⁰
08/11/2005
Mailed From 61602
016H16502140
Hasler

"SPECIAL MAIL"
Open only in the
presence of the inmate

Mail was Opened - Delivered with Res mail - never hassed in given to me on August 20th
Actual Delivery Date: Aug 22
BOP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK
ROOM 309
FEDERAL BUILDING
100 N.E. MONROE
PEORIA, ILLINOIS 61602

OFFICIAL BUSINESS

Case: 1:05cv1225

Leslie Allen Smith 07536-033
PEKIN
P O Box 5000
Pekin, IL 61555

"SPECIAL MAIL"
Open only in the
presence of the inmate

Notice "Special Mail" Instructions - Not Followed - was not Followed