UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

FILED
OCT 2 4 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Leslie Allen Smith, 07536-0333    )
    Petitioner, pro-se            )

v.                                )    Cause No. 05:1225

R. V. Leach, Warden, et al        )
    Respondent                    )

### BRIEF IN SUPPORT OF DISMISSING RESPONDENTS' MOTION FOR DISMISSAL GRANTING PETITIONER'S CROSS MOTION FOR SUMMARY JUDGMENT

Comes the Petitioner, Leslie Allen Smith, pro-se, and respectfully asks this Honorable Court to **DENY** Respondents' Motion for Dismissal and enter an Order granting Petitioner's Motion For Summary Judgment in all issues not in dispute.

### FACTS RELIED UPON

Petitioner admits that Respondents are correct in the sentence Petitioner is serving and admits the length of that sentence and that Respondents did on October 6, 2005 consult with Staff at Federal Correctional Institution-Pekin and restored Petitioner's good time as well as ordered it expunged.

Respondents however are incorrect as to their Right for Dismissal of this Petitioner. They are not entitled to dismissal just because they gave that back what was taken from the Petitioner illegally by violating the Petitioner's Constitutional Rights.

### ARGUMENT

Norman Bloodsaw vs. Lawrence Berkley Laboratory, 135 F2d. 1260 (9th Cir. 1998) states: that mere cessation of allegedly illegal conduct **does not** moot a case.

The Respondents would have the Court believe that because they gave back the Petitioner's good time and expunged the Petitioner's Institution file that that justifies what illegal conduct took place; or, because they gave it back, this somehow prevents it from reoccurring when Petitioner can prove there have been no changes in how the D.H.O. or investigators continue to act with impunity.

The Respondents now want this Court to Dismiss just because they gave back the good time and record. They ignore what the Constitution guarantees and think that violating the Constitution has no consequences as it applies here. The Respondents make no excuses as to why, after two appearances at Unit Team Hearings, two Disciplinary Hearings, two Appeals to Region, two to Washington, all met with denials **until** Petitioner took the case before this Honorable Court.

Nor have they bothered to state to Petitioner or this Court what prevents this type of incident from reoccurring or Officials from retaliating against the Petitioner or any other offender at Pekin Federal Correctional Institution.

Petitioner was placed in the SHU from November 22, 2003 until July 2004. Nine (9) months of "Punishment", not disputed by Respondents, for conduct the Petitioner did not do. Petitioner is still being punished as a direct result of this incident, i.e. points were given to his record. Captain Gonzales verbally told Petitioner that this incident occurred on his watch and Petitioner would remain on the "Green Card" until Captain Gonzales decides otherwise. Any attempt to go over Captain Gonzales' head will result in Petitioner going back to solitary for a long time. This was because the Petitioner went to the Warden, Ms. Hastings, and asked if she could take Petitioner off the check-in Green Card. Copy of the aforesaid "Green Card" is attached.

Petitioner was punished by not being allowed some jobs-UNICOR-where he applied four separate times since release from SHU. While not stated positively that the incident was that prevents Petitioner from being hired, Ms. Wheeler does state it is one of the reasons but not the only one. Exhibit attached. Others asked specifically about jobs, Green Card, or punishment, refuse to answer request. Exhibits attached.

While Petitioner was in SHU, he was given only one (1) call per week in Administrative confinement, one (1) call per month in Disciplinary confinement. In Administrative confinement inmates can order "some" food items but "none" in Disciplinary. Visits were cut shorter than normal visitation and inmates are forced to wear orange jumpsuits. Having to sit before the Officers, separately and on display, was very humiliating to offender and visitor alike. Petitioner was denied proper medical care as stated in "5" of his prayer for relief which he amended before this Court. Dr. Freake told Petitioner that psychiatric help meant only that they could talk to Petitioner but could not prescribe medications for sleeping because we were in the hole for punishment not to get sleeping pills.

This came about when Petitioner's wife informed him that his grandmother had died while he was in SHU and Petitioner had been unable to call her prior to her dying and it caused undue stress, anxiety and pain on the Petitioner. My grandmother, Margaret

Hodson was more precious to me than anyone in the world. She and I had been in constant touch until I was placed in the SHU and my calls limited. Respondents are not disputing any of the alleged Constitutional violations. Under Rule 56 of the Federal Rules of Civil Procedure a moving party may file a Motion for Summary

Judgment when there are two (2) conditions present to justify the judgment: (1) that there is no genuine dispute of the issues regarding material, or important facts of the case, and (2) when the Law is applied to those facts, the moving party if entitled to summary judgment.

In determining whether Summary Judgment is appropriate, all evidence and all inferences are viewed in light most favorable to the non-moving party. Respondents' Motion for Dismissal is or could be taken as a Motion for Summary Judgment in that they state that there exists no issues left before the Honorable Court, and Petitioner is entitled to cross move for judgment of the issues that are not in dispute – those being the violations of his Constitutional Rights under the Fifth (5th), Sixth (6th), Eighth (8th) and Fourteenth (14th) Amendments to the United States Constitution.

Petitioner has also submitted a Motion and Brief for Discovery. If Summary Judgment is granted in Petitioner's favor, there would be no need to have Discovery in this issue. However, remaining is a Motion and Brief for a Temporary Restraining Order prohibiting any retaliation on the part of the Respondents. Petitioner requests this Motion and Brief to remain. The reason is because the Petitioner is still being punished and his legal mail is still being opened outside of his presence even though clearly marked as legal mail. Attached: Exhibit, Appendix.

Petitioner's Legal Mail has been routinely opened outside his presence. Petitioner submitted verified exhibits as proof, not only of their delay but in the opening and inspection by Staff that may not have been limited to just opening but reading and copying as well.

On October 14, 2005, the date Petitioner **received** the Respondents' Request for Dismissal, once again that mail was delivered by "Regular Mail" not "Legal Mail" as defined by Policy and again violating the Petitioner's First Amendment.

Tendered Exhibit: Envelope mailed by United States Attorney marked "Official Use" on the sticker. Duty Officer Hamm, Iowa Unit, **did** this time date and sign when mail was given to Petitioner. She was afraid she would be in trouble for doing so but Petitioner assured her that she was, in fact, proving that "Legal-Special" mail was not supposed to be delivered like that.

The Program Statement 5265.09 defines "Special Mail" as correspondence received from the following: President and Vice President of the United States, Attorneys, Members of

the U.S. Congress, Embassies, Consulates, U.S. Attorneys, Federal Law Enforcement Agencies and Officers, U.S. and State Courts and U.S. Department of Justice. The First Amendment Right was addressed in Burt v. Carlson, 752, F. Supp 346 (C.D. Cal 1990), Henthorn v. Swinson 955, F2d. 352 (5th Cir. 1992) and inmates have an interest in First Amendment. Griffin v. Lombard, 946 F2d.604 (8th Cir. 1991), in Prucunier v. Martinez 416 U.S. 396 (1974). The U. S. Supreme Court addressed the parameters of censorship of prisoners' mail. One time, maybe two times would be accidental. Petitioner has forwarded enough to the Court to proved it is not accidental but routinely done and goes unchecked.

Respondents state that Petitioner's record "Institution" File was expunged, but Petitioner provided the Court with proof that there exists a "Master File", separate from the Institution File where expunged shots are kept for reference. According to the written program statement, Exhibit 20 in reference Petitioner's memorandum in original filing, Program statement Chapter 7, Page 9, Policy 5270.07 Cn-06 November 3, 1995 that states "the requirement for expungement of inmates' files does **not** preclude maintaining for research copies of disciplinary actions resulting in "not guilty" findings in a Master File separate from the Institution File.

Petitioner knows of no reason why anyone would want to "review" that file unless it would be to use it detrimentally against an offender. Expunge means to delete "all" references and as long as one exists, Petitioner fears he will b forever falsely accused.

In support of the mail concern, Petitioner has had several legal court deadlines. Because of the delay in obtaining his "Legal Mail", Petitioner has narrowly missed dismissal based on time deadlines. No actual harm was caused to date but it could have resulted in a premature dismissal of Appeals. In understanding that no actual harm was done and the need for proof before the Court, Petitioner <u>can</u> prove harm does exist and presents the Affidavit of Chris Meyers to support Petitioner's request for an Order preventing the delay or routine opening, censorship and copying of all incoming or outgoing Legal or Special mail as Policy and Law dictates.

Chris Meyers' affidavit attached hereto states that on 9-26-05 he was told his attorney was sending him a Motion to Dismiss. He received it on 9-26-05, signed it and placed it in the Legal mailbox on 9-27-05. As of 10-16-05 the attorney contacted Meyers and was told that as of 10-16-05 that letter <u>had not been</u> delivered. The deadline was 10-03-05 and because Meyers missed the deadline, the U. S. Marshals have now placed a detainer on him because the dismissal agreement that he signed and mailed on 9-27-05 was not received by his attorney or the Court. This proved actual harm. While not specifically on the Petitioner, it is routinely done.

## CONCLUSION

Petitioner's Rights under the Fifth (5th), Sixth (6th), Eighth (8th) and Fourteenth (14th) Amendments were violated by the Respondents. The punishment inflicted upon the Petitioner was not justified. The Respondents has plenty of opportunities to discuss this error: investigations that lasted three (3) months, segregation for nine (9) months, plus two (2) appeals to Region, and two (2) to Washington. Now, the Respondents want to dismiss. The Petitioner pleads with this Honorable Court to grant Petitioner Summary Judgment and find for the Petitioner and not the Respondents who violated his Constitutional Rights under these Amendments.

### *PRAYER FOR RELIEF*

Petitioner suffered solitary confinement for nine (9) months and is still being punished. His wife, Katherine A. Smith, was slandered because of lies told by the Confidential Informants. While a Habeas Corpus, as the Petitioner understands it, is only concerned with the duration of his sentence, not the conditions of confinement, that a USC 1983 Civil Right Allegation, or 1331 (a) suit against Officials for violation of these Constitutional Rights.

It is the Petitioner's prayer that the Court will issue an ORDER granting Summary Judgment of the issues in his Habeas Corpus 2241 and will **retain** jurisdiction of this case and grant Petitioner leave to file for damages both declaratory, punitive and reasonable attorney fees and back wages for the time Petitioner was confined to the hole.

The Seventh (7th) Circuit Court enumerated factors to consider when assessing damages from wrongful placement in Administrative segregation. These include 1) the nature, extent and duration of the injury to the Plaintiff, 2) general pain and suffering, 3) humiliation, 4) mental duress, and 5) the violation of Constitutional Rights. Smith v. Rowe, 761 F2d. 360(7th Cir. 1985) which found that a female jailhouse lawyer who was put in segregation for twenty-two (22) months was awarded $80,000 in punitive damages. The Court of Appeals said it was neither monstrously excessive, nor shocking.

Petitioner also prays for an ORDER prohibiting any retaliation or transfers of Petitioner as long as this Court retains Petitioner's jurisdiction.

Respectfully submitted,

Leslie Allen Smith, 07536-033
Federal Correctional Institution
P. O. Box 5000
Pekin, Illinois 61555-5000

Page 5 of 6

## STATEMENT OF PETITIONER

I, Leslie Allen Smith, the Petitioner, states under oath that the foregoing is true and accurate to the best of my knowledge and belief.

---

Leslie Allen Smith

## CERTIFICATE OF SERVICE

On October 21, 2005, Petitioner herein mailed copies to the Respondents Attorney ands the Clerk of the Court for the Central District of Illinois, Service Prepaid, U.S. first class mail. They received the Motion and Brief with attached exhibits.

Respectfully,

Leslie Allen Smith 07536-033
Federal Correctional Institution
P. O. Box 5000
Pekin, Illinois 61555-5000

| | |
|---|---|
| 1 copy: | Respondents Attorney<br>Darilynn J. Knauss<br>United States Attorney<br>211 Fulton St, Suite 400<br>Peoria, Illinois 61602 |
| 4 copies: | Clerk of the Court<br>United States District Court<br>Office of the Clerk<br>Room 309 Federal Building<br>100 N. E. Monroe<br>Peoria, Illinois 61602 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| **Leslie Allen Smith, 07536-0333** <br> Petitioner, pro-se | ) <br> ) | |
| v. | ) | Cause No. 05:1225 |
| **R. V. Leach, Warden, et al** <br> Respondent | ) <br> ) | |

## APPENDIX AND EXHIBITS

Leslie Allen Smith 07536-033
Federal Correctional Institution
P. O. Box 5000
Pekin, Illinois 61555-5000

# APPENDIX

|    |                                                                                      | Pages       |
|----|--------------------------------------------------------------------------------------|-------------|
| 1. | Motion in Opposition to Respondents Motion to Dismiss Cross Motion for Summary Judgment. | Cover Sheet |
| 2. | Brief in Support.                                                                    | 1 thru 6    |
| 3. | Facts Relied Upon.                                                                   | 1           |
| 4. | Argument                                                                             | 1 thru 4    |
| 5. | Conclusion                                                                           | 5           |
| 6. | Statement of Petitioner                                                              | 6           |
| 7. | Certificate of Service                                                               | 6           |

**Exhibits in order:**

|    |                                                                                          | **Dates** | **Pages** |
|----|------------------------------------------------------------------------------------------|-----------|-----------|
| 1  | Request to Unit Manager Ms. Wheeler, with Response                                       | 9/10/05   | 1         |
| 2. | Request to Captain Gonzales – No Response                                                | 9/10/05   | 2         |
| 3. | Request to UNICOR Plant Manager - No Response                                            | 9/10/05   | 3         |
| 4. | Request to Hospital Administrator – No Response                                          | 9/10/05   | 4         |
| 5. | Request to Lt. Pagli "Author of Second Conduct Report – No Response                      | 9/10/05   | 5         |
| 6. | Copy of Envelope U.S. Dept. of Justice, delivered open and through regular mail-signed by Officer on duty | 10/14/05  | 6         |
| 7. | Copy of Affidavit of Chris Myers.                                                        | 10/16/05  | 7         |
| 8. | Copy of Leslie Allen Smith's Green Card                                                  | 10/17/05  | 8         |

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS



| TO: (Name and Title of Staff Member) | DATE: |
| --- | --- |
| Unit Mgr. Ms. Wheeler  IA-2 | September 10, 2005 |
| FROM: Leslie Smith | REGISTER NO.: 07536-033 |
| WORK ASSIGNMENT: IA Orderly | UNIT: Iowa-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Ms. Wheeler, At my last team - when I mentioned applying at UNICOR - you said you doubted I would be accepted - Since I have not only the education required, years of Electrical-Welding Experience - I took it that you meant my last write up - which you were "Chair Person" on - and recommended "Expungement". As you correctly noted there was no "Evidence", and at that hearing UDC - you correctly told me my requested witness(s) who had been transferred - would be asked to submit their "statements" and they would be faxed or mailed back. All of which does comply with "My Rights" however, none of those statements were ever introduced at my "second" hearing at DHO. Now, we are in Federal Court on this issue - so in "your learned opinion" my being hired or not hired by UNICOR is based on the Incident Report is it not? That Incident Report does cast both a bad mark - plus prevents me from getting hired at other places doesn't it. Thank you.

(Do not write below this line)

DISPOSITION:

Your being hired at Unicor is not based solely on your discipline history.

Response Date 9-13-05

Signature Staff Member [signature]    Date 9.13.05

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94


Printed on Recycled Paper

BP-S148.055  **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                FEDERAL BUREAU OF PRISONS


②

| TO: (Name and Title of Staff Member) | DATE: |
| Captain Gonzales | September 10-2005 |
| FROM: Leslie Smith | REGISTER NO.: 07536-035 |
| WORK ASSIGNMENT: Unit orderly | UNIT: Iowa-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Sir,
You told me to submit any questions I have about the Green Card "check in at the intervals" to you.

Since the incident has now finally reached court, I need confirmation that the card is exclusively used to control and monitor a select few offenders - me personally as a result of the incident - and as punishment.

Would you agree with that statement that it's for control and monitoring? How long is normal time on it - what factors are considered? Please in writing for court.

(Do not write below this line)

DISPOSITION:   NO Response as of 10-15-07 L.A.S.

Signature Staff Member                Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)     This form replaces BP-148.070 dated Oct 86
                                         and BP-S148.070 APR 94

BP-S148.055  **INMATE REQUEST TO STAFF** CDFRM
SEP 98

U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

③

| TO: (Name and Title of Staff Member)<br>MR. Lenne    UNICOR Plant | DATE:<br>Sept 10.2005 |
|---|---|
| FROM:<br>Leslie A. Smith | REGISTER NO.:<br>07536-033 |
| WORK ASSIGNMENT:<br>IOWA ORDerly | UNIT:<br>IOWA-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I have applied "3" Times For positions At UNICOR- Maint- Purchasing - AND a position with MR. Dunstan - putting a book Together - I was later told I was second choice. I have High School AND TRADE College - Degree in Welding - "All Areas", As well as 9 years Electric experience.

However I had 1 write up since coming here in 2002 - only 1 - it is in Court. Is it policy or Directive not to hire Anyone with a 100 series shot? From when to when And if it is - CAN I ASK if I Am being Excluded because of it - or the Reason why - I need this information For Court.

Thank you

(Do not write below this line)

DISPOSITION:    No Response As of 10-15-07

Signature Staff Member              Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)    This form replaces BP-148.070 dated Oct 86
                                        and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

U.S. DEPARTMENT OF JUSTICE                FEDERAL BUREAU OF PRISONS



| TO: (Name and Title of Staff Member) Hospital Administrator | DATE: September 10 · 05 |
|---|---|
| FROM: Leslie A. Smith | REGISTER NO.: 07536-033 |
| WORK ASSIGNMENT: Iowa 2 Orderly | UNIT: IA-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I have Repeatedly asked for my medical Records - but been held off.

What I need Sir is - I went to the SHU in 2003 - November I would like to know exactly how many times I was seen by Medical staff and treated - during my 9 months in SHU.

Reason - Habeas Corpus 2241 is currently in Federal Court - Peoria - since it will turn into lawsuit - one of the grounds is - SHU treatment by Medical was a lot. Due to blood pressure - Headaches - Knee problems. Exaspelted by SHU. I have to know how many more times was I seen in SHU compared to population where I am now. How many times Sir?

(Do not write below this line)

DISPOSITION:             No Response as of 10-15-05 L.A.S

Signature Staff Member        Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)   This form replaces BP-148.070 dated Oct 86
                                        and BP-S148.070 APR 94

Printed on Recycled Paper

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS



| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Lt. Pagli | September 10-2005 |
| FROM: | REGISTER NO.: |
| Leslie Smith | 07536-033 |
| WORK ASSIGNMENT: | UNIT: |
| Orderly Iowa Unit 2 | Iowa 2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Mr. Pagli,
   You wrote the serious incident report that Region returned for procedural error. Could you please in writing tell me who told you - or asked you to re-write the body of the report since its totally different than the original?
   Secondly - In your opinion: since I was not on the green card before the incident and have been ever since - wouldn't you say that its a direct result of that incident and as such - continued punishment?
        Thank you

(Do not write below this line)

DISPOSITION:         No Response as of 10-15-05 Las

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                              and BP-S148.070 APR 94



**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*
*One Technology Plaza*
*211 Fulton Street, Suite 400*
*Peoria, Illinois 61602*

Official Business
Penalty for Private Use $300

Leslie Allen Smith
Reg. No. 07536-033
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

C06

Received through regular mail
10-14-05
S/o S. Ha[...]
only to correct inmate
I'm Smith #07536-033
[...]

6

State of Illinois  } Affidavit of Chris Myers
County Tazwell    }

About on 9-22-05 I had a phone conference with AUSA Joel Barrows, Nicis Drees, my self and CM Walter about my appeal. Mr. Drees and Mr. Barrows felt that my appeal violated my plea agreement

So I agreed to dismiss the appeal on 9-23-05 Mr. Drees sent me a motion to dismiss

I recieved this motion to dismiss on 9-26-05 and signed it and placed it in FCI special mail box on 9-27-05.

I called Drees on or about 9-30-05 and he still had not recieved it

I had a dead line with the 8th court of appeals for 10-3-05

As of 10-16-05 this legal letter still has not been mailed out by FCI Pekin mail staff and now the U.S. Marshalls have placed a Detainer on me

I was supose to be released to go home on 10-17-05, But now I was told on 10-13-05 by FCI Pekin staff that the U.S. Marshall's will be down to get me on 10-17-05

I am being falsely Detained and Imprisoned Because FCI is Tampering with legal mail to my Stand by Council

Signed and sworn under the Penalty of Perjury on this 16th Day of October of 2005

by Chris

Appendix Exhibit For
Proof punishment Continues
10-17-05





07536-033    MAY 22, 2003

This is punishment - This is normally only done at U.S.P's.
the current Captain "Gonzales" says he's the Warden of the Green Card.

Must be carried at all times.
Forget - or be late 1 time - Straight to the bucket 'Hole'!

Check in times "Daily" 365 days a year

## TWO HOUR WATCH
## CONTACT UNIT OFFICER
## OR WORK SUPERVISOR

Smith, Leslie #07536-033
IA 2                                                018

7am 9am 11am 1pm 3pm 5pm 7pm 9pm