E-FILED
Monday, 31 October, 2005  12:33:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE ALLEN SMITH, | ) |
| Petitioner, | ) |
| v. | ) Case No. 05-1225 |
| R.L. VEACH, Warden, | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court on Leslie Allen Smith's ("Smith") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Motion for Leave to Proceed with Discovery [#15], Motion for a Temporary Restraining Order [#17], and Cross Motion for Summary Judgment [#19]. For the reasons set forth below, Petitioners Petition for Writ of Habeas Corpus is dismissed and all other motions are stricken.

**BACKGROUND**

Smith filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging that prison officials violated his Constitutional rights when they found him guilty of attempting to escape from prison and sentenced him to sixty days segregation and a loss of forty-one days of good time credit. Smith contends that the prison had insufficient evidence from which to form a belief that he engaged in an attempt to escape from the prison and therefore he should not have been punished for doing so. Smith seeks for this Court to grant his § 2241 petition, reverse his "escape" conviction, expunge his prison record, and return his 41 days of good time credit.

Recognizing that Petitioner's Habeas Corpus Petition may have merit, the Court ordered the Government to respond. The Government filed a Motion to Dismiss Petitioner's § 2241 Motion arguing that the issue is now moot because Petitioner's record was expunged on October 5, 2005 and his 41 days of good time credit were restored to him. Petitioner filed a response to the Government's Motion to Dismiss as well as numerous other Motions. Specifically, Petitioner argues that his Constitutional rights were violated when prison officials improperly accused and convicted him of attempting to escape based on insufficient evidence, that the prison's actions in falsely convicting him prevented him from being accepted for additional training opportunities, and that prison officials routinely violate his rights by failing to adhere to prison guidelines with respect to incoming mail designated as "legal" or "special" mail.

## DISCUSSION

Petitioner's Petition for Writ of Habeas Corpus is dismissed because it is moot. Petitioner admits that his record was expunged and that his 41 days of good time credit were returned to him. (*See* Smith's Brief in Support of Dismissing Respondents' Motion for Dismissal Granting Petitioner's Cross Motion for Summary Judgment, Oct. 24, 2005, at 1). Accordingly, Petitioner's habeas claim no longer present a live case or controversy for which an order of this Court will provide relief. "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 480 (1982) (*citing* United States Parole Comm'n v. Geraghty, 455 U.S. 388, 396 (1980). A "case is moot where there is no possible relief which the court could order that would benefit

the party seeking it." In re Vlasek, 325 F.3d 955, 961 (7th Cir. 2003). In this case, Smith's record has been expunged and his good time credits have been restored. Therefore, even if the Court were to grant Smith's habeas petition, Smith would not receive any additional benefit because he has already received all of the relief sought in his habeas petition. Accordingly, Smith's habeas petition is dismissed because it is moot.

Regarding Smith's Motion for Leave to Proceed with Discovery, Motion for a Temporary Restraining Order, and Cross Motion for Summary Judgment, all three of these Motions are stricken because they are not properly filed in accordance with court administrative procedures. Specifically, none of these Motions are signed and therefore were not properly filed. Accordingly, all three motions are stricken.

Additionally, the Court takes this opportunity to make Smith aware that even if these Motions were signed, the Court would find that these Motions are moot because Smith's habeas claim has been dismissed. While the Court does not make any findings regarding the merit of Smith's claims that prison officials violate his Constitutional rights by failing to follow proper mail procedures, by denying him training opportunities because of his alleged escape attempt, and by placing him in segregation for sixty days, these claims are not appropriate on habeas review. If Smith has a good faith basis for believing that prison officials have violated his Constitutional rights, Smith should file a complaint based on 42 U.S.C. § 1983. Because the Court may not convert a habeas petition into a civil suit, *see* Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2005), Smith's claims are moot because even if the Court were to grant Smith's habeas claim, his only relief would be having his

- 3 -

record expunged and the receipt of his lost good time credit.  The Court would not be able to grant him any of the additional relief that he requests (having prison officials comply with procedures or being compensated for the time he spent in segregation) because these types of relief are inappropriate for a habeas claim.

## CONCLUSION

For the reasons set forth above, Smith's Petition for Writ of Habeas Corpus [#1] is DISMISSED and Smith's Motion for Leave to Proceed with Discovery [#15], Motion for a Temporary Restraining Order [#17], and Cross Motion for Summary Judgment [#19] are STRICKEN.  This matter is now TERMINATED.

ENTERED this 31st day of October, 2005.

                            s/ Michael M. Mihm
                            Michael M. Mihm
                            United States District Judge